**In re WORLD TRADE CENTER DISASTER SITE LITIGATION.**

**No. 21 MC 100(AKH).**

United States District Court, S.D. New York.

May 17, 2012.

Marion Sandra Mishkin, Marion S. Mishkin, Esq., Blair Courtney Fensterstock, Michael Theodore Phillips, II, Fensterstock & Partners LLP, Robin Michel Wertheimer, Wertheimer Associates, P.C., Andrew John Carboy, Sr., Sullivan, Papain, Block, McGrath & Cannavo, P.C., Suzanne Melissa Scott, A. Joseph Giannini, Mariangela Chiaravalloti, Friedman, Chiaravalloti & Giannini, Denise Ava Rubin, Marc Jay Bern, Brian David Crosby, Napoli Bern Ripka Shkolnik, LLP, Edward L. Marcowitz, Barasch McGarry Salzman Penson & Lim, Stephen Jeffrey Riegel, Weitz and Luxenburg, P.C., W. Steven Berman, William Joseph Dubanevich, George N. Kalamaras, Michael C. Mace, Patricia I. Jorge, Christopher R. Lopalo, Wroby, Groner Edelman & Napoli Bern, LLP, David L. Kremen, Oshman & Mirisola, LLP, Donna Rae Silverglad, Sacks & Sacks, LLP, Andrew John Schotz, Flemming, Zulack, & Williamson, L.L.P., New York, NY, Willard R. Pratt, III, Vernon, NY, Harvey B. Ginsberg, Worby, Groner, Edelman, & Napoli Bern, LLP, East Meadow, NY, Ryan Seth Goldstein, Law Office of Ryan S. Goldstein, PLLC, Bronx, NY, for Plaintiffs.

Marion Sandra Mishkin Marion S. Mishkin, Esq., New York, NY, pro se.

Francis Lavery, pro se.

Kathryn Lavery, pro se.

Arlene McGillick, pro se.

Jon J. McGillick, pro se.

Dewardranth Samaroo, pro se.

Sue Ann Andersen, pro se.

Lisa Reynolds, pro se.

Sharon Accetta, pro se.

Wendy Henry, pro se.

Joseph Leahy, pro se.

Sandra Leahy, pro se.

Allison Edwards, pro se.

William Edwards, Malone, NY pro se.

Debra Curcio, pro se.

Peter Curcio, pro se.

Patricia M. Digiovanni, pro se.

James Fullam, pro se.

Jacqueline Miller, pro se.

James Miller Ossining, NY, pro se.

James Mullen, pro se.

Kim Mullen, pro se.

John Murphy, pro se.

Suzanne Murphy, pro se.

Dan Potter, pro se.

Jean Potter, pro se.

James Service, pro se.

Rebecca Service, pro se.

Khemraj Singh, pro se.

Antonio Martino, pro se.

Nicole Martino pro se.

James Baumann, pro se.

Richard Bittles, pro se.

John Marks, pro se.

Lisa Marks, pro se.

Anthony Marden, pro se.

Christina Marden, pro se.

Kathleen Doerler, pro se.

Elizabeth Connolly, pro se.

James Connolly, pro se.

Catherine Musto, pro se.

Louis Musto, pro se.

Gerald Quill, pro se.

Linda Quill, pro se.

Edward Scharfberg, pro se.

Marylee Scharfberg, pro se.

Christine Voce, pro se.

Gregory Voce, pro se.

Cora Weihs, pro se.

Joseph Weihs, pro se.

Suzanne Worontzoff, pro se.

Walter Worontzoff, pro se.

Anna Zecca, pro se.

Barbara Lopez, pro se.

George Zecca, pro se.

Manuel Lopez, pro se.

Thomas Lennon, pro se.

Aida Valdiulezo-Nieto, pro se.

Edward Learning, pro se.

Victoria Learning, pro se.

Hamide Cagatay, pro se.

Zebebulah Cagatay, pro se.

Jose Calle, pro se.

Rudolph Geiger, pro se.

Bozena Kajewska-Pielarz, pro se.

Joesf Pielarz, pro se.

Carolyn Bryson, pro se.

Robert Mule, pro se.

Charity Oberdier, pro se.

Jeffrey Oberdier, pro se.

Deborah Scotto, pro se.

Dominick Scotto, pro se.

Hector Flamenco, FCI, Fort Dix, NJ, pro se.

Gregory J. Cannata & Associates and Robert A. Grochow, P.C., New York, NY, pro se.

Stanislaw Faltynowicz, pro se.

Andrew John Scholz, James Bruce Eisenberg, Judith Pearl Falk, Thomas A. Egan, Gerald Gordon Paul, Flemming, Zulack, Williamson & Zauderer, LLP, Gregg Scott Scharaga, Havkins Rosenfeld Ritzert & Varriale, LLP, Mark Joseph Weber, Mound Cotton Wollan & Greengrass, Howard F. Strongin, Jill Suzanne Taylor, Strongin Rothman & Abrams, LLP, Nancy Loraine Pennie, Aaronson Rappaport Feinstein & Deutsch, LLP, Edward M. Fogarty, Jr., Litchfield Cavo, Demetra Sophocleous, Morrison Mahoney, LLP, Richard Eric Leff, McGivney & Kluger, Lee Ann Stevenson, Michael David Reisman,

Kirkland & Ellis LLP, Virginia Goodman Futterman, London Fischer, LLP, Brian Scott Levine, Lorraine Gwynneth McKay, Cozen O'Connor, James Finbar Desmond, Jr., New York City Law Department, Dorothy Samel, Jeffrey Samel & Partners, Maria J. Ciccia, Stiefel & Cohen, Richard M. Fedrow, Bivona & Cohen, P.C., Myra Needleman, London Fischer, LLP, New York, NY, James Edward Tyrrell, Jr., Caroline F. Bartlett, Eric Sean Westenberger, Patton Boggs, LLP, Newark, NJ, Shannon W. Conway, Shana Lynn Burleson, Patton Boggs LLP, Dallas, TX, Christopher Quinn, Gary W. Harvey, Jeffrey A. Kidder, Morrison Mahoney, LLP, Boston, MA, Robert J. Higgins, Dickstein Shapiro Morin & Oshinsky LLP, Washington, DC, Christian Holt Gannon, Segal McCambridge Singer & Mahoney, Ltd., Chicago, IL, Marc Howell Pillinger, Kuczinski, Vila, Tarallo, Pillinger & Miller, LLP, Elmsford, NY, Aaron J. Stahl, Alashia L. Chan, Jairo Andres Mayor, Joseph A. Clark, Maureen C. Pavely, Benjamin E. Haglund, Day Pitney, L.L.P., Parsippany, NJ, Brian E. Moffitt, John D. Coyle, Day Pitney, LLP, Florham Park, NJ, Cynthia K. Courtney, Day Pitney, L.L.P., Hartford, CT, Anita B. Weinstein, Cozen O'Connor, Philadelphia, PA, Christopher C. Ross, Law Office of Christopher Ross, East Patchogue, NY, for Defendants.

Bacou-Dalloz US Headquarters, Smithfield, RI, pro se.

Seasons Industrial Contracting, Staten Island, NY, pro se.

Lefrak Organization Inc., Rego Park, NY, pro se.

Rockrose Development Corp., New York, NY, pro se.

Lastrada General Contracting Corp., College Point, NY, pro se.

Grub & Ellis Management Services, Inc., Albany, NY, pro se.

Survivair Respirators, Inc., Santa Ana, CA, pro se.

RY Management, Brooklyn, NY, pro se.

## ORDER ACCEPTING FINAL PAYMENT REPORTS FILED BY ALLOCATION NEUTRAL

ALVIN K. HELLERSTEIN, District Judge:

This order accepts two final reports of the Allocation Neutral, Matthew Garretson and the Garretson Resolution Group, Inc. (collectively, "Garretson"), substantially completing the administrations of the mass settlements approved by this court. I order that the two final reports be filed, and posted with this order on the Court web page. The details follow:

1. The Settlement ("SPA") with New York City and the contractors engaged by the City, effective January 5, 2011:[1] The base amount of the settlement was $625 million (plus an additional $3.5 million towards administrative expenses). The base amount does not include Bonus payments and Contingent Payments, also provided by the settlement agreement but which are the subjects of dispute and have not been paid.[2]

---

[1] See Order, *In re World Trade Ctr. Disaster Site Litig.,* 762 F.Supp.2d 631 (S.D.N.Y.2010) (approving settlement as fair and reasonable).

[2] See Order, *In re World Trade Ctr. Disaster Site Litig.,* 834 F.Supp.2d 184 (S.D.N.Y.2011) (ordering WTC Captive Insurance Company to pay Bonus Payments in the amount of $55 million, based on the proportion of settling plaintiffs to the total number filed and pending as of April 12, 2010). Defendants' appeal to the U.S. Court of Appeals for the Second Circuit is pending. An Opinion and Order soon will be forthcoming relating to Contingent Payments, based on the number of cases filed after April 12, 2010 and which remained

2. The settlement with the contractors of the Freshkills landfill—Phillips and Jordan, Inc., Evans Environmental and Geological Science and Management, and Taylor Recycling Facility LLC, effective January 5, 2011 and June 21, 2011: The amount of the settlement was $24.3 million, of which $300,000 was allocated for administrative expenses.[3]

3. The settlement with Survivair Respirators, Inc., effective April 5, 2011: The amount of the settlement was $4.1 million.[4]

4. The settlement with insurers associated with Lloyd's of London, insurers of Weeks Marine, Inc., effective May 4, 2011, relating to the shipments by barge of debris of the World Trade Center from Manhattan to Fresh Kills, Staten Island: This settlement was for the aggregate amount of $28 million.[5]

5. The settlement with the Port Authority of New York and New Jersey, Inc. effective May 4, 2011: This settlement was for the aggregate amount of $47.5 million, of which amount $509,901 was allocated for administrative costs.[6]

The aggregate amount of all these settlements is $720.8 million, exclusive of adjustment, bonus increases, and contingent payment increases, discussed later.[7] And the settling defendants agreed to pay an additional $4,309,901 towards administrative expenses.

The administration of these settlements, and the remittance of funds to the settling plaintiffs under each of the settlements substantially has been completed, in compressed time, transparently, without appreciable rancor or dispute, and to the satisfaction of those benefiting from the settlements. The Final Reports of the Allocation Neutral are attached to this order and shall be posted on the court's website.

As to the City of New York and the contractors it engaged to clear the World Trade Center debris arising from the terrorist-related crashes of September 11, 2001 and as reflected in the Allocation Neutral's Final Report, the Allocation Neutral processed a total of 10,112 claims against these defendants, and disbursed a total of $612,561,759.69 paid by the WTC Captive.[8] This sum, less plaintiffs' counsel's fee and expenses, has been paid to the settling plaintiffs.[9] The Final Reports

pending as of the dates provided in the settlement agreement.

3. *See* Order, *In re World Trade Ctr. Disaster Site Litig.*, Doc. No. 2248, 2010 WL 4683610 (S.D.N.Y. Nov. 15, 2010); Order, *In re World Trade Ctr. Disaster Site Litig.*, 2011 U.S. Dist. LEXIS 71501 (S.D.N.Y. June 21, 2011) (approving settlements as fair and reasonable).

4. *See* Order, *In re World Trade Ctr. Disaster Site Litig.*, Doc. No. 2248, 2010 WL 4683610 (S.D.N.Y. Nov. 15, 2010) (approving settlement as fair and reasonable).

5. *See* Order, *In re World Trade Ctr. Disaster Site Litig.*, Doc. No. 2248, 2010 WL 4683610 (S.D.N.Y. Nov. 15, 2010) (approving settlement as fair and reasonable).

6. *See* Order, *In re World Trade Ctr. Disaster Site Litig.*, Doc. No. 2213 (S.D.N.Y. Oct. 14, 2010) (approving settlement as fair and reasonable).

7. *See* Order, *In re World Trade Ctr. Disaster Site Litig.*, Doc. No. 2248, 2010 WL 4683610 (S.D.N.Y. Nov. 15, 2010) (approving the ancillary settlements in their separate and aggregate amounts).

8. An additional amount, $27,550,754.22 was paid as premiums for the Cancer Insurance Policies, distributed to the settling plaintiffs. Many of the settling plaintiffs also participated in the settlement with other defendants. See discussion, infra.

9. A certain number of plaintiffs have not yet been paid. These await resolutions of disputes by probate courts and various contestants to the funds held by plaintiffs' counsel.

relating to the settlements with the other defendants described above add to this amount. In all, approximately $710,000,000 cash [10] has been disbursed:

- $12,878,444 to Tier I plaintiffs (the plaintiffs proving the least category of injury) ($7,646,949 of which is from the SPA, and the balance from the settlements with other defendants [11]);

- $19,100,078 to Tier II plaintiffs ($13,461,462 from the SPA, and the balance from the settlements with other defendants);

- $12,092,183 to Tier III plaintiffs ($8,901,754 from the SPA, and the balance from the settlements with other defendants); and

- $661,550,817 to Tier IV plaintiffs, the plaintiffs proving the severest injuries relating to the toxins at the World Trade Center worksite ($605,457,158 from the SPA, and the balance from the settlements with other defendants).

As I found when I approved it, the settlement with New York City and its contractors, although not perfect, is fair and reasonable.[12] The settlements with the other defendants are consistent, and I approved them as fair and reasonable as well.[13] The settlements emphasize payments to the Tier IV plaintiffs, the plaintiffs and their families who were most severely injured by their work at the World Trade Center. Indeed, Tier IV plaintiffs received approximately 94 percent of the entire settlement distribution—a feature of the settlements that was most important in my determinations of fairness and reasonableness. By limiting attorneys' contingent fees to 25 percent and minimizing the effects of liens and transactions costs, the settlements net to even greater significance.[14]

The Tier IV plaintiffs also will be eligible under the settlement agreement for Bonus Payments because of the very high percentage of plaintiffs who approved, and participated in, the settlement. By my order of December 20, 2011, I ordered these to be paid, in the amount of $55 million.[15] An appeal by the WTC Captive and the City of New York and related defendants is pending. In addition, the Tier IV plaintiffs also will be eligible under the settlement agreement for Contingent Payments, payable each year for five years on the anniversary dates following the Settlement Effective Date of January 5, 2011, up to $5 million each year, depending on the number of New Debris Removal claims filed as of that date, and depending upon the amount of money having been paid by defendants to settle with opt-out plaintiffs and indemnify defendants with respect to new claims.[16]

---

10. This figure does not include the $27,550,754.22 for Cancer Insurance Premiums.

11. These breakdowns by Tier do not include amounts paid in the $4.1 million Survivair Respirators settlement, because such a breakdown for that settlement was not available.

12. See Order, In re World Trade Ctr. Disaster Site Litig., 762 F.Supp.2d 631 (S.D.N.Y.2010).

13. See Order, In re World Trade Ctr. Disaster Site Litig., Doc. No. 2248 (S.D.N.Y. Nov. 15, 2010).

14. See, Order, In re World Trade Ctr. Disaster Site Litig., 834 F.Supp.2d 184, 188 (S.D.N.Y. 2011)

15. See Order, In re World Trade Ctr. Disaster Site Litig., 834 F.Supp.2d 184 (S.D.N.Y.2011).

16. My opinion and order so ruling, and rejecting defendants' objections, will be issued soon.

These settlements and their administrations reflect the skill, energy and resourcefulness of the attorneys, for plaintiffs, defendants and the WTC Captive. This last chapter of administration reflects the diligence, fairness and efficiency of the Allocation Neutral and the Appeal Neutral, Matthew Garretson and Kenneth Feinberg, respectively. Not a single complaint about this administration came to the court. All involved in these settlement proceedings merit great approbation.

SO ORDERED.

IN RE WORLD TRADE CENTER DISASTER LITIGATION

IN RE LOWER MANHATTAN DISASTER SITE LITIGATION

IN RE COMBINED WORLD TRADE CENTER AND LOWER MANHATTAN DISASTER SITE LITIGATION

21 MC 100(AKH)

21 MC 102(AKH)

21 MC 103(AKH)

## FRESH KILLS AND PORT AUTHORITY PAYMENT FINAL STATUS REPORT FROM THE ALLOCATION NEUTRAL

As supplement to the Final Payment Report regarding payments made pursuant to the World Trade Center Litigation Settlement Process Agreement, As Amended, ("Settlement Process Agreement") the Allocation Neutral submits this final status report regarding payments made in the Fresh Kills and Port Authority Settlements.

### Fresh Kills Final Settlement Status

The defendants participating in the Fresh Kills settlement include Philips and Jordan, Inc., Evans Environmental and Geological Science and Management, and Taylor Recycling Facility LLC.

1,859 plaintiffs opted-in to the Fresh Kills settlement and completed the claims submission process. (See Exhibit 1).

The Allocation Neutral completed all Claim submission, Work Verification and Medical reviews in accordance with the settlement agreement and began issuing payment instructions in July of 2011. The Allocation Neutral completed the final payment instruction on April 25, 2012.

The distribution of settlement proceeds was as follows:

Tier–1: $1,184,265.00
Tier–2: $1,854,903.75
Tier–3: $1,287,948.75
Tier–4: $19,683,730.22
Total: $24,010,847.72

### Port Authority Final Settlement Status

8,587 of 8,910 eligible plaintiffs opted-in to the Port Authority Settlement Agreement. (See Exhibit 2). The original settlement amount agreed to by the parties was $47.5 million with approximately $500,000 dedicated to offset the amount the WTC Captive agreed to pay for the administration of the Settlement Process Agreement.

Since only 8,587 of the 8,910 eligible plaintiffs opted to participate in the Port Authority Settlement, the Port Authority adjusted the final settlement amount pursuant to Section II.C of the agreement, resulting in final distribution of $46,143,350.99.

The Allocation Neutral completed all Claim submission, Work Verification and Medical reviews in accordance with the settlement agreement and began issuing payment instructions in September of 2011. The Allocation Neutral completed the final payment instruction on March 23, 2012.

The distribution of settlement proceeds was as follows:

Tier–1: $4,047,230.00
Tier–2: $3,783,712.50
Tier–3: $1,902,480.00

Tier–4: $36,409,928.49

Total: $46,143,350.99

Exhibits 1 and 2 contain detailed information regarding payments made in each of the above-referenced settlements.

Respectfully submitted,

/s/

Matthew L. Garretson, Esq.

Garretson Resolution Group, Inc.

Allocation Neutral

May 3, 2012

Exhibit 1

**Fresh Kills**

Opt–In

| Total Participating | 1,859 |
| --- | --- |

Claim Submission

| # complete submitted claims | 1,859 |
| --- | --- |

| # claims yet to be complete | 0 |
| --- | --- |
| % completion | 100.0% |
| Opt–In total | 1,859 |

Work Verification

| # complete WV submitted | 1,859 |
| --- | --- |
| # WV yet to be complete | 0 |
| % completion | 100.0% |
| Opt–In total | 1,859 |

Medical Review

| Plaintiffs' requiring review | 11 |
| --- | --- |
| Medical reviews pending | 0 |
| Medical reviews deficient | 0 |
| Medical reviews complete | 11 |
| % completion | 100.0% |

**Fresh Kills**

| Payment Information | | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
| --- | --- | --- | --- |
| Tier 1 Payments | Issue Date | | |
| Wave 1 | 7/18/2011 | 363 | 176 |
| Wave 2 | 3/28/2012 | 24 | 17 |
| Totals To Date | | 387 | 193 |
| Tier 2 Payments | Issue Date | | |
| Wave 1 | 7/18/2011 | 321 | 190 |
| Wave 2 | 3/28/2012 | 25 | 19 |
| Totals To Date | | 346 | 209 |
| Tier 3 Payments | Issue Date | | |
| Wave 1 | 7/18/2011 | 127 | 76 |
| Wave 2 | 3/28/2012 | 26 | 13 |
| Totals To Date | | 153 | 89 |

| Payment Information | | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
|---|---|---|---|
| Tier 4—Final Distribution | Issue Date | | |
| Final | 3/28/2012 | 973 | 595 |
| Final—Remaining Balance Allocation | 4/25/2012 | 529 | 324 |
| Totals To Date | | 1,502 | 919 |
| * * * *Grand Totals To Date | | 2,388 | 1,410 |

### Exhibit 2

### Port Authority

**Opt–In**

| | |
|---|---|
| Total Participating | 8,587 |

**Claim Submission**

| | |
|---|---|
| # complete submitted claims | 8,587 |
| # claims with deficiencies | 0 |
| % completion | 100.0% |
| Opt–In total | 8,587 |

**Work Verification**

| | |
|---|---|
| # complete WV submitted | 8,587 |
| # WV claims with deficiencies | 0 |
| % completion | 100.0% |
| Opt–In total | 8,587 |

**Medical Review**

| | |
|---|---|
| Plaintiffs' requiring review | 53 |
| Medical reviews pending | 0 |
| Medical reviews deficient | 0 |
| Medical reviews complete | 53 |
| % completion | 100.0% |

### Port Authority

| Payment Information | | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
|---|---|---|---|
| Tier 1 Payments | Issue Date | | |
| Wave 1 | 9/30/2011 | 1,592 | 753 |
| Wave 2 | 10/10/2011 | 0 | 0 |
| Wave 3 | 11/16/2011 | 338 | 142 |
| Wave 4 | 2/6/2012 | 57 | 41 |
| Wave 5 | 3/23/2012 | 2 | 53 |
| Totals To Date | | 1,989 | 989 |
| Tier 2 Payments | Issue Date | | |
| Wave 1 | 9/30/2011 | 1,204 | 693 |
| Wave 2 | 10/10/2011 | 21 | 13 |
| Wave 3 | 11/16/2011 | 221 | 104 |
| Wave 4 | 2/6/2012 | 31 | 21 |

| | Issue Date | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
|---|---|---|---|
| Wave 5 | 3/23/2012 | 6 | 40 |
| | | | |
| Totals To Date | | 1,483 | 871 |

| Payment Information | | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
|---|---|---|---|
| Tier 3 Payments | Issue Date | | |
| Wave 1 | 9/30/2011 | 459 | 264 |
| Wave 2 | 10/10/2011 | 63 | 41 |
| Wave 3 | 11/16/2011 | 80 | 42 |
| Wave 4 | 2/6/2012 | 16 | 16 |
| Wave 5 | 3/23/2012 | 3 | 13 |
| | | | |
| Totals To Date | | 621 | 376 |
| | | | |
| Tier 4—Interim Payment | Issue Date | | |
| Wave 1 | 9/30/2011 | 0 | 0 |
| Wave 2 | 10/10/2011 | 3,346 | 2,344 |
| Wave 3 | 11/16/2011 | 802 | 435 |
| Wave 4 | 2/6/2012 | 287 | 183 |
| | | | |
| Totals To Date | | 4,435 | 2,962 |
| | | | |
| Tier 4—Final Distribution | Issue Date | | |
| Tier 4 Final | 3/23/2012 | 4,494 | 2,741 |
| | | | |
| Totals To Date | | 4,494 | 2,741 |
| | | | |
| * * * *Grand Totals To Date | | 13,022 | 7,939 |

### FINAL PAYMENT REPORT FROM THE ALLOCATION NEUTRAL

The Allocation Neutral respectfully submits this final report regarding payments made pursuant to the World Trade Center Litigation Settlement Process Agreement, As Amended ("Settlement Process Agreement"). Exhibit 1 summarizes the payment information contained in this report. The Exhibit was originally submitted in the "PAYMENT STATUS REPORT FROM THE ALLOCATION NEUTRAL" dated March 9, 2011 ("March 9th Report"), and was subsequently updated and submitted to the Court in April, May, July, August, and November 2011, as well as January 2012. This narrative supplements Exhibit 1 and all previous reports.

For the Court's convenience, capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Process Agreement.

The Allocation Neutral is pleased to inform the Court that the Allocation Process is complete. Through the tireless effort of all involved, the objective was accomplished: to execute a "state-of-the-art" settlement program and to complete Final Distributions within approximately one year of the Final Settlement Agreement Effective Date.

Perhaps more significant than the speed in which this program was completed is the volume of work processed over the course of the past 10 months since the

conclusion of the claims submission deadline:

- 10,112 Claim Forms
- Over 15,000 work verification documents
- Over 160,000 medical record files
- Over 1,000 Medicaid liens resolved (waived or adjudicated)
- Over 1,000 Workers' Compensation Liens reported (waived or adjudicated)
- Over 2,200 Deficiency Notices issued
- Over 1,800 Deficiency Cures
- 1,123 Reconsideration Requests
- 342 Appeals
- 455 Expense Audits (randomly selected per the Settlement Process Agreement)
- Over 350 sets of estate and personal representative documents
- Over 300 Random Audits of medical records (per the Settlement Process Agreement)
- 49 Payment Instruction Reports
- Initial Payments (all Tiers) to 15,404 Primary and Derivative Plaintiffs
- Accelerated Final Payments (Tiers 2 & 3) to 3,567 Primary and Derivative Plaintiffs
- Interim Payments (Tier 4) to 8,611 Primary and Derivative Plaintiffs
- Permanent Disability Fund Awards to 1,339 Primary Plaintiffs
- Mixed Orthopedic Injury Payments to 68 Primary Plaintiffs
- 286 Qualifying Surgery Payments to Primary Plaintiffs
- 1,306 Marine Payments to Primary Plaintiffs
- Final Distributions (Tier 4) to 8,798 Primary and Derivative Plaintiffs
- Monetary distribution by Tier and payment type as follows:

**Tier 1**
- Initial $7,133,750.00
- Permanent Disability $ 83,199.22
- Marine $ 430,000.00
Total $7,646,949.22

**Tier 2**
- Initial $ 5,353,920.00
- Accelerated $ 6,551,281.70
- Mixed Orthopedic $ 66,500.00
- Permanent Disability $ 721,059.91
- Marine $ 768,700.00
Total $13,461,461.61

**Tier 3**
- Initial $2,315,430.00
- Accelerated $5,088,020.63
- Mixed Orthopedic $ 18,500.00
- Permanent Disability $1,017,803.77
- Marine $ 462,000.00
Total $8,901,754.40

**Tier 4**
- Initial $ 18,301,107.50
- Interim $201,267,855.93
- Mixed Orthopedic $ 448,000.00
- Qualifying Surgery $ 6,090,000.00
- Permanent Disability $ 62,078,648.63
- Marine $ 25,860,947.64
- Final Distribution $291,345,651.54
Total $605,457,157.93

GRAND TOTAL $635,402,376.47

Moreover, this work was completed in a transparent, objective manner consistent with the Settlement Process Agreement.

### Status of Payments

**Initial Payments:** Initial Payments were made to each Plaintiff who opted in to the Settlement Process Agreement (as determined pursuant to Section IX.A of the Agreement) and for whom the Allocation Neutral determined the payment eligibility requirements were satisfied (as set forth in Section VII of the Agreement).

The Allocation Neutral issued the first Initial Payment Instruction Report to the WTC Captive on January 27, 2011. Further Initial Payment Instructions were issued in 45 subsequent Payment Instruction Reports through January 27, 2012. From January 27, 2011 through January 27, 2012, 10,007 Primary Plaintiffs and 5,397 Derivative Plaintiffs appeared on Payment Instruction Reports issued by the Allocation Neutral to the WTC Captive.

**Tier 2 and 3 Accelerated Final Payments:** The Allocation Neutral issued the first Accelerated Final Payment Instruction Report on March 30, 2011, and continued issuing such reports through January 27, 2012. A Plaintiff's placement on a Payment Instruction Report was subject to certain conditions precedent, including resolution of any associated deficiency cures, and, if applicable, Reconsideration Request and Appeal. In total, the Payment Instruction Reports for Accelerated Final Payments included 1,618 Tier 2 Primary Plaintiffs, 875 Tier 2 Derivative Plaintiffs, 695 Tier 3 Primary Plaintiffs, and 379 Tier 3 Derivative Plaintiffs.

**Tier 4 Interim Payments and Final Distributions:** The Allocation Neutral issued the first Interim Payment Instruction Report on June 30, 2011 for Tier 4 Plaintiffs and thereafter issued an additional 24 such Payment Instruction Reports through December 20, 2011. A Plaintiff's placement on a Payment Instruction Report was subject to certain conditions precedent, including resolution of any associated deficiency cures, and, if applicable, Reconsideration Request and Appeal. In total, the Payment Instruction Reports included Tier 4 Interim Payments to 5,492 Primary Plaintiffs and 3,119 Derivative Plaintiffs. Final Distributions for all Master Dockets were completed for over 99% of plaintiffs on January 19, 2012. Plaintiffs who planned to structure their Final Distributions were included on payment instructions between January 27, 2012 and April 2, 2012.

Throughout the payment process, the WTC Captive was diligent and exceptionally prompt in processing Payment Instruction Reports from the Allocation Neutral.

### Status of Other Elements of Recovery

**Permanent Disability Fund Awards:** The Allocation Neutral issued 1,339 Permanent Disability Payment Instructions. These awards were made pursuant to Section XVI of the Settlement Progress Agreement.

**Mixed Orthopedic Injury Payments:** The Allocation Neutral issued Payment Instructions for 68 Mixed Orthopedic Injuries occurring during work or volunteer service at the WTC site or related locations at which the respective Plaintiff alleged exposure.

**Qualifying Surgery Payments:** The Allocation Neutral issued instructions for 287 Qualifying Surgery payments subject to procedures listed in Exhibit D to the Settlement Process Agreement.

**London Marine insurance settlement:** Pursuant to the separate settlement with the London Marine insurers, the London Marine Insurers deposited $28 million into the Separate Account on June 9, 2011. Shortly after that deposit, initial marine payments began being issued to settling Primary Plaintiffs eligible to participate in the London Marine insurance settlement. Overall, Marine Payments were made to 1,306 Primary Plaintiffs, the last of which were made on February 2, 2012.

### Expense Audits

The Allocation Neutral completed prepayment expense audits on 455 randomly selected Plaintiffs as required by the Settlement Process Agreement (*See* March 9th Report at 7–8).

### Random Audits

As noted in the previous Status Reports to the Court, the Allocation Neutral completed Random Audits (reviewing the medical records of more than 300 randomly selected Plaintiffs). Based on the results of the Random Audit process, the Allocation Neutral did not conduct Targeted Audits.[1]

---

**1.** "Targeted Audits" would only have been required if more than 10% of Tier 3 and/or

### Appeals

A total of 342 Appeals were submitted to the Claims Appeal Neutral. The Claims Appeal Neutral's determination with respect to all Appeals was final, binding and not subject to further appeal. The Claims Appeal Neutral completed the review and resolution of Appeals thoroughly and extremely promptly. Once the Claims Appeal Neutral rendered a decision, the Allocation Neutral processed payment due, if any, accordingly.

### Remaining Items/Issues

As expected in any settlement program of this magnitude, there are a few remaining items that will require the Allocation Neutral's assistance to conclude, including ensuring availability of the WTC Web Portal for the uploading of structured settlement documents, completing reconciliation,[2] resolving any remaining Workers' Compensation liens and distributing residual interest remaining in the Separate Account. All of these items could not be completed until Final Distribution amounts were known and/or distributed. The Allocation Neutral does not expect that these few remaining items will present any issues.[3]

### Conclusion

Finally, the Allocation Neutral would like to thank all those involved in the process and procedures outlined herein: the heroic first responders to the 9/11 tragedies and the other settling plaintiffs, the City and contractors that managed the rescue, recovery and debris-removal effort, the WTC Captive Insurance Company, the parties' attorneys, the participating government agencies and other healthcare agencies that waived their reimbursement interests ("liens") related to payments made to the plaintiffs, the Claims Appeal Neutral and certainly this honorable Court. Without the collective support, diligence and dedication of all involved, these results would not have been possible. It has been a terrific honor to serve the people and the process.

Respectfully submitted,

/s/

Matthew L. Garretson, Esq.

Garretson Resolution Group, Inc.

Allocation Neutral

April 23, 2012

### Exhibit 1—WTC Operational Metrics Dashboard

4/23/2012

| PAYMENT INFORMATION | | Primary Plaintiffs | Derivative Plaintiffs |
|---|---|---|---|
| | | Payments Made | Payments Made |
| Initial Payments | Issue Date | | |

Tier 4 claims selected for Random Audits result in findings by the Allocation Neutral of material misrepresentation, material omission or material concealment of the type described in Section XI.M of the Settlement Process Agreement.

2. The Allocation Neutral shall reconcile total disbursement dollars to ensure "zero balance", that is the total net proceeds to claimants (contained on the payment instruction reports) equals the total amount of all checks written from plaintiff counsel's bank account.

3. The Allocation Neutral is aware of the Parties' dispute regarding additional Section VI.E "bonus" money and stands ready to assist the Parties with the distribution of such additional funds, if any, pending resolution of this issue by the U.S. Court of Appeals for the Second Circuit. In addition, the Allocation Neutral stands ready to assist the Parties with the future distribution of Contingent Payments, should any become due.

| | | | |
|---|---|---|---|
| Wave 1 | 1/27/2011 | 1,548 | 625 |
| Wave 2 | 2/2/2011 | 1,638 | 926 |
| Wave 3 | 2/14/2011 | 1,739 | 959 |
| Wave 4 | 3/8/2011 | 1,799 | 1,006 |
| Wave 5 | 3/10/2011 | 1,102 | 590 |
| Wave 6 | 3/16/2011 | 614 | 321 |
| Wave 7 | 3/23/2011 | 588 | 350 |
| Wave 8 | 3/30/2011 | 466 | 256 |
| Wave 9 | 4/6/2011 | 129 | 65 |
| Wave 10 | 4/13/2011 | 52 | 25 |
| Wave 11 | 4/20/2011 | 59 | 41 |
| Wave 12 | 4/27/2011 | 32 | 17 |
| Wave 13 | 5/4/2011 | 90 | 79 |
| Wave 14 | 5/11/2011 | 40 | 47 |
| Wave 15 | 5/18/2011 | 22 | 26 |
| Wave 16 | 5/25/2011 | 1 | 2 |
| Wave 17 | 6/1/2011 | 6 | 2 |
| Wave 18 | 6/8/2011 | 1 | 0 |
| Wave 19 | 6/15/2011 | 0 | 3 |
| Wave 20 | 6/22/2011 | 2 | 1 |
| Wave 21 | 6/30/2011 | 0 | 0 |
| Wave 22 | 7/6/2011 | 0 | 0 |
| Wave 23 | 7/14/2011 | 2 | 2 |
| Wave 24 | 7/22/2011 | 2 | 1 |
| Wave 25 | 7/27/2011 | 1 | 1 |
| Wave 26 | 8/3/2011 | 1 | 0 |
| Wave 27 | 8/10/2011 | 1 | 1 |
| Wave 28 | 8/17/2011 | 1 | 0 |
| Wave 29 | 8/24/2011 | 4 | 3 |
| Wave 30 | 9/1/2011 | 0 | 0 |
| Wave 31 | 9/7/2011 | 5 | 3 |
| Wave 32 | 9/14/2011 | 0 | 0 |
| Wave 33 | 9/21/2011 | 1 | 2 |
| Wave 34 | 9/28/2011 | 1 | 1 |
| Wave 35 | 10/5/2011 | 1 | 1 |
| Wave 36 | 10/13/2011 | 0 | 0 |
| Wave 37 | 10/19/2011 | 0 | 0 |
| Wave 38 | 10/27/2011 | 1 | 1 |
| Wave 39 | 11/2/2011 | 1 | 1 |
| Wave 40 | 11/9/2011 | 4 | 2 |
| Wave 41 | 11/16/2011 | 10 | 7 |
| Wave 42 | 11/23/2011 | 5 | 3 |
| Wave 43 | 11/30/2011 | 4 | 3 |
| Wave 44 | 12/7/2011 | 6 | 8 |
| Wave 45 | 12/20/2011 | 27 | 16 |
| Wave 46 | 1/27/2012 | 1 | 0 |
| * * * * Totals To Date | | 10,007 | 5,397 |

**Exhibit 1—WTC Operational Metrics Dashboard**

**4/23/2012**

| PAYMENT INFORMATION | | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
|---|---|---|---|
| Tier 2—Accelerated Final Payments | Issue Date | | |
| Wave 8 | 3/30/2011 | 125 | 75 |
| Wave 9 | 4/6/2011 | 546 | 321 |
| Wave 10 | 4/13/2011 | 116 | 58 |
| Wave 11 | 4/20/2011 | 286 | 152 |
| Wave 12 | 4/27/2011 | 312 | 164 |
| Wave 13 | 5/4/2011 | 23 | 10 |
| Wave 14 | 5/11/2011 | 18 | 6 |
| Wave 15 | 5/18/2011 | 15 | 8 |
| Wave 16 | 5/25/2011 | 14 | 4 |
| Wave 17 | 6/1/2011 | 10 | 5 |
| Wave 18 | 6/8/2011 | 4 | 0 |
| Wave 19 | 6/15/2011 | 3 | 1 |
| Wave 20 | 6/22/2011 | 7 | 4 |
| Wave 21 | 6/30/2011 | 1 | 1 |
| Wave 22 | 7/6/2011 | 1 | 1 |
| Wave 23 | 7/14/2011 | 2 | 2 |
| Wave 24 | 7/22/2011 | 2 | 1 |
| Wave 25 | 7/27/2011 | 7 | 5 |
| Wave 26 | 8/3/2011 | 1 | 0 |
| Wave 27 | 8/10/2011 | 1 | 1 |
| Wave 28 | 8/17/2011 | 7 | 4 |
| Wave 29 | 8/24/2011 | 6 | 1 |
| Wave 30 | 9/1/2011 | 4 | 2 |
| Wave 31 | 9/7/2011 | 2 | 1 |
| Wave 32 | 9/14/2011 | 2 | 2 |
| Wave 33 | 9/21/2011 | 0 | 0 |
| Wave 34 | 9/28/2011 | 6 | 4 |
| Wave 35 | 10/5/2011 | 13 | 6 |
| Wave 36 | 10/13/2011 | 2 | 0 |
| Wave 37 | 10/19/2011 | 5 | 2 |
| Wave 38 | 10/27/2011 | 8 | 6 |
| Wave 39 | 11/2/2011 | 12 | 5 |
| Wave 40 | 11/9/2011 | 8 | 2 |
| Wave 41 | 11/16/2011 | 10 | 5 |
| Wave 42 | 11/23/2011 | 5 | 1 |
| Wave 43 | 11/30/2011 | 6 | 1 |
| Wave 44 | 12/7/2011 | 4 | 2 |
| Wave 45 | 12/20/2011 | 23 | 12 |
| Wave 46 | 1/27/2012 | 1 | 0 |
| * * * * Totals To Date | | 1,618 | 875 |
| | | | |
| Tier 3—Accelerated Final Payments | Issue Date | | |
| Wave 8 | 3/30/2011 | 42 | 22 |
| Wave 9 | 4/6/2011 | 123 | 75 |

| | | | |
|---|---|---|---|
| Wave 10 | 4/13/2011 | 37 | 20 |
| Wave 11 | 4/20/2011 | 145 | 88 |
| Wave 12 | 4/27/2011 | 168 | 82 |
| Wave 13 | 5/4/2011 | 8 | 3 |
| Wave 14 | 5/11/2011 | 8 | 5 |
| Wave 15 | 5/18/2011 | 2 | 1 |
| Wave 16 | 5/25/2011 | 5 | 2 |
| Wave 17 | 6/1/2011 | 5 | 2 |
| Wave 18 | 6/8/2011 | 13 | 7 |
| Wave 19 | 6/15/2011 | 2 | 1 |
| Wave 20 | 6/22/2011 | 5 | 1 |
| Wave 21 | 6/30/2011 | 0 | 0 |
| Wave 22 | 7/6/2011 | 3 | 1 |
| Wave 23 | 7/14/2011 | 7 | 4 |
| Wave 24 | 7/22/2011 | 13 | 6 |
| Wave 25 | 7/27/2011 | 19 | 9 |
| Wave 26 | 8/3/2011 | 1 | 1 |
| Wave 27 | 8/10/2011 | 2 | 1 |
| Wave 28 | 8/17/2011 | 10 | 2 |
| Wave 29 | 8/24/2011 | 12 | 6 |
| Wave 30 | 9/1/2011 | 5 | 3 |
| Wave 31 | 9/7/2011 | 3 | 2 |
| Wave 32 | 9/14/2011 | 1 | 0 |
| Wave 33 | 9/21/2011 | 3 | 2 |
| Wave 34 | 9/28/2011 | 13 | 7 |
| Wave 35 | 10/5/2011 | 5 | 3 |
| Wave 36 | 10/13/2011 | 2 | 1 |
| Wave 37 | 10/19/2011 | 3 | 2 |
| Wave 38 | 10/27/2011 | 8 | 3 |
| Wave 39 | 11/2/2011 | 1 | 1 |
| Wave 40 | 11/9/2011 | 1 | 0 |
| Wave 41 | 11/16/2011 | 3 | 2 |
| Wave 42 | 11/23/2011 | 3 | 3 |
| Wave 43 | 11/30/2011 | 7 | 6 |
| Wave 44 | 12/7/2011 | 3 | 3 |
| Wave 45 | 12/20/2011 | 4 | 2 |
| * * * * Totals To Date | | 695 | 379 |

| Tier 4—Interim Payments | Issue Date | | |
|---|---|---|---|
| Wave 21 | 6/30/2011 | 2,115 | 1,219 |
| Wave 22 | 7/6/2011 | 46 | 28 |
| Wave 23 | 7/14/2011 | 293 | 163 |
| Wave 24 | 7/22/2011 | 395 | 226 |
| Wave 25 | 7/27/2011 | 69 | 34 |
| Wave 26 | 8/3/2011 | 41 | 17 |
| Wave 27 | 8/10/2011 | 183 | 92 |
| Wave 28 | 8/17/2011 | 300 | 177 |
| Wave 29 | 8/24/2011 | 482 | 278 |
| Wave 30 | 9/1/2011 | 51 | 23 |

| | | | |
|---|---|---|---|
| Wave 31 | 9/7/2011 | 217 | 126 |
| Wave 32 | 9/14/2011 | 50 | 26 |
| Wave 33 | 9/21/2011 | 139 | 91 |
| Wave 34 | 9/28/2011 | 184 | 98 |
| Wave 35 | 10/5/2011 | 221 | 106 |
| Wave 36 | 10/13/2011 | 79 | 49 |
| Wave 37 | 10/19/2011 | 67 | 38 |
| Wave 38 | 10/27/2011 | 69 | 38 |
| Wave 39 | 11/2/2011 | 50 | 31 |
| Wave 40 | 11/9/2011 | 50 | 26 |
| Wave 41 | 11/16/2011 | 88 | 58 |
| Wave 42 | 11/23/2011 | 41 | 24 |
| Wave 43 | 11/30/2011 | 94 | 55 |
| Wave 44 | 12/7/2011 | 61 | 37 |
| Wave 45 | 12/20/2011 | 107 | 59 |
| * * * * Totals To Date | | 5,492 | 3,119 |

## Exhibit 1—WTC Operational Metrics Dashboard

### 4/23/2012

| PAYMENT INFORMATION | | Primary Plaintiffs | Derivative Plaintiffs |
|---|---|---|---|
| | | Payments Made | Payments Made |
| Tier 4—Final Distribution Payments | Issue Date | | |
| 21mc100 Plaintiffs (Final) | 1/19/2012 | 5,124 | 2,993 |
| 21mc102 Plaintiffs (Final) | 1/19/2012 | 137 | 47 |
| 21mc103 Plaintiffs (Final) | 1/19/2012 | 311 | 155 |
| 21mc100 Plaintiffs (Wave 46) | 1/27/2012 | 1 | 0 |
| 21mc100 Plaintiffs (Wave 47) | 2/15/2012 | 19 | 0 |
| 21mc100 Plaintiffs (Wave 48) | 2/28/2012 | 3 | 0 |
| 21mc100 Plaintiffs (Wave 49) | 4/2/2012 | 8 | 0 |
| * * * * Totals To Date | | 5,603 | 3,195 |

| Other Elements of Recovery | | Primary Plaintiffs | Derivative Plaintiffs |
|---|---|---|---|
| | | Payments Made | Payments Made |
| Permanent Disability Fund Awards | Issue Date | | |
| Single Payment Wave (Wave 46) | 1/3/2012 | 1,339 | N/A |

| Mixed Orthopedic Injury Payments | Issue Date | | |
|---|---|---|---|
| Wave 45 | 12/20/2011 | 68 | N/A |

| Qualifying Surgery Payments | Issue Date | | |
|---|---|---|---|
| Wave 15 | 5/18/2011 | 8 | N/A |
| Wave 16 | 5/25/2011 | 9 | N/A |

| | | | |
|---|---|---|---|
| Wave 17 | 6/1/2011 | 5 | N/A |
| Wave 18 | 6/8/2011 | 1 | N/A |
| Wave 21 | 6/30/2011 | 7 | N/A |
| Wave 22 | 7/6/2011 | 14 | N/A |
| Wave 23 | 7/14/2011 | 4 | N/A |
| Wave 24 | 7/22/2011 | 31 | N/A |
| Wave 25 | 7/27/2011 | 1 | N/A |
| Wave 26 | 8/3/2011 | 2 | N/A |
| Wave 27 | 8/10/2011 | 9 | N/A |
| Wave 28 | 8/17/2011 | 11 | N/A |
| Wave 29 | 8/24/2011 | 24 | N/A |
| Wave 30 | 9/1/2011 | 4 | N/A |
| Wave 31 | 9/7/2011 | 20 | N/A |
| Wave 32 | 9/14/2011 | 11 | N/A |
| Wave 33 | 9/21/2011 | 6 | N/A |
| Wave 34 | 9/28/2011 | 15 | N/A |
| Wave 35 | 10/5/2011 | 8 | N/A |
| Wave 36 | 10/13/2011 | 10 | N/A |
| Wave 37 | 10/19/2011 | 13 | N/A |
| Wave 38 | 10/27/2011 | 3 | N/A |
| Wave 39 | 11/2/2011 | 4 | N/A |
| Wave 40 | 11/9/2011 | 5 | N/A |
| Wave 41 | 11/16/2011 | 3 | N/A |
| Wave 42 | 11/23/2011 | 3 | N/A |
| Wave 43 | 11/30/2011 | 15 | N/A |
| Wave 44 | 12/7/2011 | 2 | N/A |
| Wave 45 | 12/20/2011 | 38 | N/A |
| Wave 46 | 1/27/2012 | 1 | N/A |
| * * Totals Qualifying Surgeries * * | | 287 | N/A |
| * * * * Totals To Date (All Other Elements of Recovery) | | 1,694 | N/A |

**Exhibit 1—WTC Operational Metrics Dashboard**

**4/23/2012**

| PAYMENT INFORMATION | Primary Plaintiffs Payments Made | Derivative Plaintiffs Payments Made |
|---|---|---|

| Marine Insurers' Payments | Issue Date | | |
|---|---|---|---|
| Wave 19 | 6/15/2011 | 478 | N/A |
| Wave 20 | 6/22/2011 | 2 | N/A |
| Wave 23 | 7/14/2011 | 2 | N/A |
| Wave 24 | 7/22/2011 | 1 | N/A |
| Wave 25 | 7/27/2011 | 4 | N/A |
| Wave 26 | 8/3/2011 | 1 | N/A |
| Wave 28 | 8/17/2011 | 4 | N/A |
| Wave 29 | 8/24/2011 | 2 | N/A |
| Wave 32 | 9/14/2011 | 1 | N/A |
| Wave 34 | 9/28/2011 | 3 | N/A |
| Wave 35 | 10/5/2011 | 2 | N/A |
| Wave 36 | 10/13/2011 | 1 | N/A |
| Wave 37 | 10/19/2011 | 0 | N/A |
| Wave 38 | 10/27/2011 | 3 | N/A |
| Wave 39 | 11/2/2011 | 0 | N/A |
| Wave 40 | 11/9/2011 | 5 | N/A |
| Wave 41 | 11/16/2011 | 3 | N/A |
| Wave 42 | 11/23/2011 | 2 | N/A |
| Wave 43 | 11/30/2011 | 0 | N/A |
| Wave 44 | 12/7/2011 | 0 | N/A |
| Wave 45 | 12/20/2011 | 10 | N/A |
| Tier 4 Marine | 2/1/2012 | 782 | N/A |
| * * * * Totals To Date | | 1,306 | N/A |
| * * * * Grand Totals To Date | 26,415 | 12,965 | |

## EXPENSE AUDIT INFORMATION

| | |
|---|---|
| No. of firms in settlement | 26 |
| No. of claimants selected for random audit | 455 |
| No. of audits completed | 455 |
| % of completion | 100% |

## RANDOM AUDIT (Medical Records)

| | |
|---|---|
| No. of firms in settlement | 26 |

| | |
|---|---|
| No. of Tier 3 claimants selected for random audit | 36 |
| No. of Tier 3 cases with all medical records reviewed | 36 |
| % of T3 complete (case complete and RA complete) | 100% |
| No. of Tier 4 claimants selected for random audit | 282 |
| No. of Tier 4 cases with all medical records reviewed | 282 |
| % of T4 complete (case complete and RA complete) | 100% |

| LIENS | # Claimants Entitlement Status Verified | # Claimants Entitled To Medicaid | # Liens Waived or completed at $0 | # Liens Pending |
|---|---|---|---|---|
| Medicare * * obtained full waiver from Medicare* * | N/A | Full Waiver | N/A | N/A |
| Medicaid | 9,146 | 1,056 | 1,056 | 0 |

| | # Liens Reported | # Liens Waived or Discharged | # Liens Resolved | # Liens Pending * * * * |
|---|---|---|---|---|
| Workers' Comp | 1,074 | 626 | 357 | 91 |

\* \* \* \* Remaining Workers' Comp Liens are in the process of being resolved now that gross awards are known

| MEDICAL RECORD REVIEW | Determination Notices Issued | Deficiencies Issued * |
|---|---|---|
| Tier–2 | 1,659 | 139 |
| Tier–3 | 717 | 106 |
| Tier–4 | 5,571 | 1,965 |

\* Deficiencies are reported at an injury level